UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RUSSELL LAIDLAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15 CV 227 |
| | ) |
| FLUOR CORPORATION, FLUOR | ) |
| CONSTRUCTORS INTERNATIONAL, INC., | ) |
| BP PRODUCTS NORTH AMERICA, INC., | ) |
| MC INDUSTRIAL, INC., and JOSEPH | ) |
| KANTONA, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on plaintiff's motion to remand. (DE # 16.) For the reasons set forth below, the motion is granted.

Plaintiff originally filed this case in the Lake Superior Circuit Court in Crown Point, Indiana, on June 12, 2014. (DE # 6.) In his complaint, plaintiff alleged that he was injured on the job due to defendants' negligence. (*Id.* at 2.) Joseph Kantona was named as a defendant in the original complaint. (*Id.*)

On June 11, 2015, defendants Fluor Corporation and Fluor Constructors International, Inc. ("the Fluor defendants"), removed the case to this court, asserting that this court could properly hear the case because diversity jurisdiction applied under 28 U.S.C. § 1332(a). The Fluor defendants acknowledge that both plaintiff and defendant Kantona are citizens of the State of Indiana. However, the Fluor defendants claim that Kantona was fraudulently named as a defendant in the case by plaintiff to

prevent complete diversity of citizenship. (DE # 1.) The Fluor defendants state that, "[o]n the date of Plaintiff's incident, Mr. Kantona was a BP employee in charge of overseeing the safety systems of the Whiting Business Unit at the Whiting Refinery. He was not involved in the work or project in the area where the Plaintiff was injured, as that involved the Whiting Refinery Modernization Project at or near Pillar GOHT, Area A, Fin Fan Deck, not the Whiting Business Unit." (*Id.* at 2-3.) The Fluor defendants argue that in light of this fact, there can be no basis for establishing a duty between Kantona and plaintiff, and therefore there is no possibility that plaintiff can state a cause of action against Kantona in state court, rendering plaintiff's joinder of Kantona in the lawsuit fraudulent. (*Id.* at 3-4.) The Fluor defendants also cite as support, without attaching it, the May 27, 2015, deposition of plaintiff, in which plaintiff purportedly stated that he did not know who Kantona was, nor did he have any information about Kantona's involvement in his accident. (DE # 1 at 2.)

On June 26, 2015, plaintiff moved to remand this case back to state court. Plaintiff asserts that he did not fraudulently join Kantona in this lawsuit, but that, in any event, the Fluor defendants filed their notice of removal past the deadline set forth in 28 U.S.C. § 1446, the removal statute. That statute requires that a defendant file a notice of removal within 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). According to plaintiff, the Fluor defendants may have first ascertained that the case was removable when it received Kantona's

2

interrogatory responses on October 31, 2014. In those responses, Kantona stated: "[M]y title is Health and Safety Superintendent, HSSE Whiting Business Unit. In terms of work being performed at or near Pillar GOHT, Area A, Fin Fan Deck, on the date of the incident, I was not involved as this work was part of the WRMP and not the Whiting Business Unit." (DE # 17-3 at 2; Kantona Inter. Resp. # 9.) Plaintiff argues that when the Fluor defendants received the interrogatory responses containing this information about Kantona, they could have ascertained that Kantona was not a proper defendant and that the case was removable (though, plaintiff continues to assert that Kantona remains a proper defendant). Therefore, plaintiff argues, the Fluor defendants had 30 days from the interrogatory receipt date of October 31, 2014, to file a notice of removal, but they did not file one until June 11, 2015.

The Fluor defendants fail to provide any substantive response to plaintiff's argument that their notice of removal was untimely filed. (DE # 23.) They simply reiterate their original position, which is that based on Kantona's October 31, 2014, interrogatory responses (which they attached as an exhibit), it is clear that Kantona owes no duty to plaintiff. (*Id.* at 1-2.) The Fluor defendants further reiterate that, during his May 27, 2015, deposition (the transcript of which was, again, not filed as an exhibit), plaintiff testified that he did not know what Kantona did or did not do to cause his injury or whether Kantona was present. (*Id.* at 2.) The Fluor defendants claim that because they filed their notice of removal within 30 days of the May 27, 2015, deposition, they complied with Section 1446's 30-day deadline.

3

A removal must be timely to be proper. *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529 (7th Cir. 2004). As the party that removed the case to federal court, the Fluor defendants bear the burden of establishing federal jurisdiction. *Id.* In this case, the Fluor defendants have failed to demonstrate that they timely removed this case. On the contrary, Fluor has repeatedly asserted that Kantona's interrogatory responses are the basis for their opinion that plaintiff fraudulently joined Kantona in this matter. Those interrogatory responses were available to the Fluor defendants on October 31, 2014, yet they waited until June 11, 2015, to file a notice of removal. The Fluor defendants claim that plaintiff's May 27, 2015, deposition is actually the triggering "paper" under Section 1446, and that their notice of removal was therefore timely. However, it does not appear that plaintiff's deposition added any pertinent information to the issue regarding Kantona's involvement in the case (though it is impossible to tell, as the Fluor defendants did not make the deposition transcripts part of the record). Accordingly, the court finds that the Fluor defendants' notice of removal was untimely and therefore improper under Section 1446, and that remand is appropriate.

For the foregoing reasons, plaintiff's motion to remand (DE # 16) is **GRANTED.**

**SO ORDERED.**

Date: March 3, 2016

    s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT